UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:23-cr-00215-2 |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-2024 |
| | ) | |
| v. | ) | Judge J. Philip Calabrese |
| | ) | |
| DANIEL HELTON, | ) | Magistrate Judge |
| | ) | James E. Grimes Jr. |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

A grand jury indicted Daniel Helton and a co-defendant with various drug offenses. Following a guilty plea, the Court sentenced Mr. Helton to 80 months in prison. Based on a firearm enhancement applied under the advisory guidelines at sentencing and a claim of ineffective assistance of counsel, he petitions for relief under 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

The indictment charged Mr. Helton with conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1), distribution of methamphetamine (Count 2 and Count 3), and maintaining a drug premises (Count 4).

### A. Change of Plea

On May 15, 2024, Mr. Helton pled guilty to Count 1, Count 2, and Count 3, as amended, pursuant to a written plea agreement under Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. That plea agreement contained a provision

waiving Mr. Helton's right to appeal or to seek relief under Section 2255 except in certain limited circumstances not present here. Specifically, the agreement provided:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.
>
> Defendant expressly and voluntarily waives those rights, except as specifically reserved below. . . . Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel[.]

(*See* Plea Agreement ¶ 18.) Later in the plea agreement, Mr. Helton represented that, after consulting with his attorney, he was satisfied with the legal services he received and the advice provided to him. (*Id.* ¶ 27.)

During the change-of-plea colloquy, the Court directly inquired about the provision waiving Mr. Helton's right to bring a collateral attack under Section 2255. Specifically, the Court asked Mr. Helton if he read and understood that provision of his plea agreement. Mr. Helton said, under oath, that he did. Also, he said he discussed it with his attorney and understood the issues he could and could not pursue under that provision. When given the opportunity to ask any questions about that waiver, Mr. Helton had none. Also at the change-of-plea hearing, Mr. Helton represented, under oath, that he was satisfied with the representation he received from his attorney.

In the plea agreement, the factual basis for the plea, to which Mr. Helton agreed, included that a confidential informant met him and his co-defendant at Mr. Helton's residence and purchased methamphetamine on two occasions, days

apart. A warrant executed at Mr. Helton's residence turned up, among other things, a .22 caliber rifle and one round of .308 caliber ammunition. (Plea Agreement ¶ 20.)

### B. Sentencing (September 23, 2024)

The guideline calculation in the presentence report started with a base offense level of 32 and added 2 points for maintaining a drug premises and 2 points for possessing a firearm. Defense counsel objected to the 2-point firearm enhancement, making the arguments (set forth below) that Mr. Helton makes now. Additionally, he maintained that the firearm was located in a bedroom closet and played no role in the offense. At sentencing on September 23, 2024, after arguments from counsel, the Court overruled the objection and applied the two-level enhancement to the base offense level.

Therefore, the Court calculated a total offense level of 33, which with a criminal history category of V yielded an advisory guideline range of 210 to 262 months. Had the Court sustained the objection, the advisory guideline range would have been 168 to 210 months. The Court sentenced Mr. Helton to 80 months in the custody of the Bureau of Prisons.

### C. Section 2255 Petition

A year after sentencing, on September 23, 2025, Mr. Helton filed a petition under 28 U.S.C. § 2255, which he placed in the prison mail on September 6, 2025. In his petition, he advances three grounds for relief. First, Mr. Helton contends that he received an improper sentencing enhancement based on his co-defendant's possession of a firearm—an offense with which he was not charged and to which he did not plead guilty. Second, and relatedly, he argues that the record fails to establish by a

3

preponderance of the evidence that he possessed a firearm. Third, he claims that his trial counsel was ineffective for failing to challenge this enhancement. Absent that allegedly deficient performance, Mr. Helton maintains that his sentence would have been lower.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence. To challenge his conviction, Section 2255 requires the federal prisoner's claim to fall into one of four circumstances:

> [1] [T]he sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a).

A petitioner seeking to challenge his conviction under Section 2255 "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

The Court liberally construes the allegations of a *pro se* Section 2255 petition. *McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020) (quoting *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)). "But the liberal-construction rule does not 'abrogate

4

basic pleading essentials,' such as the requirement that a [Section] 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 (6th Cir. July 8, 2022) (internal citation omitted). Even if liberally construed, "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under [Section] 2255." *Gabrion v. United States,* 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

When a factual dispute arises in a Section 2255 proceeding, a court must hold an evidentiary hearing "unless the motion can be 'conclusively determined either by the motion itself or by the files and records in the trial court.'" *MacLloyd v. United States*, 684 Fed. Appx. 555, 559 (6th Cir. 2017) (quoting *Machibroda v. United States*, 368 U.S. 487, 494 (1962)). A petitioner is not entitled to an evidentiary hearing if he fails to allege any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing). Nor is a hearing necessary where a petitioner's claims "cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

I. **Waiver**

In his plea agreement, Mr. Helton knowingly and voluntarily waived his right to pursue relief under Section 2255, except with respect to ineffective assistance of counsel. Such waivers are enforceable where, as here, a defendant's plea is made knowingly and voluntarily. *See, e.g.*, *United States v. Johnson*, 530 F. App'x 406, 410 (6th Cir. 2013). Both the written plea agreement, which Mr. Helton signed, and the change-of-plea colloquy demonstrate that he knew that he was giving up the right to bring a collateral attack to his sentence. Therefore, the Court enforces the waiver and declines to consider the first and second grounds for relief that Mr. Helton advances.

II. **Ineffective Assistance of Counsel**

To prevail on his claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test that the Supreme Court established in *Strickland v. Washington*, 466 U.S. 668 (1994). *See, e.g.*, *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020) (citation omitted).

First, Petitioner must show that his defense attorney's conduct was "deficient." *Strickland*, 466 U.S. at 687. Specifically, Petitioner must show that counsel's errors were so serious that he failed to "function[] as the 'counsel' that the Sixth Amendment guarantees to Petitioner." *Id.* at 687–88. Counsel enjoy a presumption that they discharge their duties in a sufficiently effective manner and exercise reasonable professional judgment based on the circumstances at the time. *Id.* at 689–90. To establish error, Petitioner must overcome this "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* This

means that courts should "resist the temptation to rely on hindsight . . . in the context of ineffective assistance of counsel claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir 2001).

Second, a petitioner must show that any deficiencies in his counsel's performance were "prejudicial" to his defense. *Id.* at 690. In other words, Mr. Helton must show that his counsel's decisions "were so serious as to deprive [him of] a fair trial, a trial whose result is reliable." *Id.* at 687; *see also Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019). Like the first *Strickland* element, establishing prejudice also presents a difficult burden because it requires Petitioner to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the [original] outcome." *Id.*

A successful ineffective assistance claim requires Petitioner to establish both elements. *Strickland*, 466 U.S. at 687, 697. Therefore, failure to establish either element will cause Petitioner's claim to fail. Here, Mr. Helton can establish neither.

*First*, Mr. Helton's counsel did not perform deficiently. Contrary to his claim, Mr. Helton's counsel objected to application of the 2-level enhancement related to the firearm found at his residence. The Court overruled that objection.

*Second*, in any event, Mr. Helton did not suffer any prejudice. The Court varied downward and imposed a sentence considerably below the advisory guideline range based on application of the factors, as articulated on the record, under 18 U.S.C.

7

§ 3553. Even if Mr. Helton is correct about the guideline range (in the Court's view, he is not), the Court's statements at sentencing show that it would have imposed the same sentence regardless of the advisory guideline range.

Accordingly, the record easily establishes that Mr. Helton received representation that satisfies his Sixth Amendment right to counsel.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of the waiver in his plea agreement and the deferential standard under *Strickland*, the Court determines that no reasonable jurist could find the dismissal of Mr. Helton's petition incorrect or fairly debatable. Therefore, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 and determines that an evidentiary hearing is not

warranted. Pursuant to 28 U.S.C. § 2253, the Court **DENIES** a certificate of appealability.

**SO ORDERED.**

Dated: November 25, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio